IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Henderson, # 194540,<br><br>                          Plaintiff,<br><br>vs.<br><br>Robert Toole, Shelia Oubie, Marty Allen,<br>Hilton Hall, Karren Jett, Jackie Strickland,<br>Jose Morales, Anthony Bishop, Virginia M.<br>Hernandez,<br><br>                         Defendants. | Civil Action No.: 4:15-00507-BHH<br><br>**ORDER AND OPINION** |

      Plaintiff Keith Henderson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on February 4, 2015. He has submitted two separate Complaints; however, the Court can discern little to no factual allegations from the pleadings. Plaintiff seeks punitive damages of nine hundred and ninety-nine million dollars. This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

      On February 27, 2015, the Magistrate Judge issued a Report and Recommendation recommending that this case be dismissed without prejudice and without service of process (ECF No. 8), finding that the Complaints lacked the necessary "level of factual detail from which the Court can discern whether any valid legal claim is stated." (ECF No. 8 at 2.) Plaintiff filed a timely objection to the Report (ECF No. 12) on March 23, 2015 and filed additional attachments to the objections (ECF No. 15) on April 20, 2015.

Plaintiff's objection contains the same vague conclusory phrases found in the Complaints—he suggests allegations of conspiracy against, or physical harm to, himself without any specificity as to time or place. Near the end of his filing, Plaintiff underlines the following headings: "Right of access to courts," "Right to procedural due process," and "Rights to equal treatment." (ECF No. 8–9.) However, he does not allege any facts under these headings; rather, he cites certain case law without any explanation of how the cases relate to his allegations. (*Id.*) Indeed, it is entirely unclear whether Plaintiff is actually trying to assert constitutional violations of due process and equal protection.

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g.,*

*De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). As previously stated, Plaintiff's timely objection fails to allege specific errors in the Magistrate Judge's analysis; thus, the Court has reviewed the Magistrate Judge's conclusions only for clear error.

Having reviewed the pleadings, the Report, and Plaintiff's objection for clear error, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants are subject to summary dismissal. Under even the most generous construal, Plaintiff has not plead sufficient facts to set forth any cognizable claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007))). Accordingly, the Court accepts the Magistrate Judge's recommendation and this action is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED**

/s/Bruce Howe Hendricks
United States District Judge

February 2, 2016
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.